## BEHIMER v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
October 16, 1928.

No. 7828.

*Rehearing denied December 19, 1928.

John L. Gleason, of Wichita, Kan., and John S. Harris, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (William P. Kelley and Leslie E. Salter, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

MARTINEAU, District Judge. Benjamin F. Behimer, the defendant, was a director and president of the First National Bank of Boise City, Okl., which closed its doors in November, 1924. He was subsequently convicted on counts 2, 27, and 28 of an indictment originally containing 41 counts. The three counts on which he was convicted alleged violations of the national banking laws (12 USCA § 592). Counts 2 and 28 charged the making of false entries, and count 27 charged the misapplication of funds. The state of the record permits this court to consider only the sufficiency of the evidence to sustain the verdict. That is the only question raised and discussed in the briefs, other matters being referred to only as they affect this issue.

Count 2 charged the defendant with making or causing to be made in the books of the bank a false entry of a note signed by Julius Kohler for $3,150. The entry was admitted, and the defendant pleaded that the note was genuine. Counts 27 and 28 grow out of the same transaction, and arise from a payment which the defendant made upon the alleged forged note mentioned in count 2. Count 27 charged the defendant with misapplying $2,250 of the bank's funds or credits in part payment of that note. The payment was made by the drawing of a check for $4,100, which was caused by the defendant to be charged against what was designated in the books of the bank as "the Jas. M. Potter Note Account." $2,250 of this amount was applied upon the alleged forged note, and constitutes the misapplication charged in count 27. The entry of the $4,100 check against the Jas. M. Potter note account constitutes the false entry upon which count 28 is based. The defendant admitted the payment of the $2,250 on the Kohler note and the entry of the $4,100 check on the bank's books, and as a defense to these charges pleaded that the funds in the Jas. M. Potter note account belonged to him and not to the bank.

The issue submitted to the jury with reference to count 2 was whether the Kohler note was a forgery. In the other counts, before the defendant could be found guilty, in addition to finding that the Kohler note was a forgery, it was necessary for the jury to find that the funds in the Jas. M. Potter note account belonged to the bank.

The testimony upon these two issues was sharply in conflict. Kohler testified that the note purported to be signed by him was a forgery. A bank examiner, who audited the affairs of the bank after its failure, testified that Behimer had admitted to him that the note was a forgery. The jury compared the handwriting of Behimer with the signature upon the alleged forged note. There was other testimony tending to show that the note was a forgery. Upon this testimony the jury found the note to be a forgery, and the defendant guilty.

Upon the question of whether the fund in the Jas. M. Potter note account belonged to Behimer or to the bank, the entire history of the transaction between Jas. M. Potter, Behimer, and the bank was presented in evidence. It was shown that Jas. M. Potter had made a note to Behimer, the president of the bank, and that that note had been discounted by Behimer to a firm in Kansas City. After the note had fallen due, Behimer insisted that it should be paid, and Potter paid to him the balance of $4,100 in various checks, which was deposited in the bank as the Jas. M. Potter note account. Behimer, in his testimony, insisted that the transaction was one in which Potter and he alone were interested, and that the bank was in no way connected with it. The other parties to the transaction, including the cashier of the bank, Potter and the firm in Kansas City testified that the transaction was with the bank, and that the money in payment of the balance due upon the note was delivered to the bank and not to Behimer.

Much of the correspondence pertaining to the transaction was introduced in evidence. In this correspondence Behimer signed himself as president of the bank.

Upon this testimony the jury found that the funds in the Jas. M. Potter note account belonged to the bank, and not to Behimer, and convicted him of misapplying the $2,250, and of causing a false entry to be made of the $4,100 check. These issues or contentions of the government and defendant were clearly and distinctly submitted to the jury upon proper instructions. The contentions of the defendant were fairly stated. The evidence, in our opinion, is sufficient to sustain the findings of the jury.

The defendant, however, insists that, even if the note was a forgery, and the funds out of which it was paid belonged to the bank, yet, since no funds were withdrawn from the bank by the credit made on the note, there was no misapplication. The note itself was an asset of the bank, for which some one was liable, and when it was paid, and withdrawn from the bank, the credits of the bank to that extent were reduced.

The judgment of the court below is affirmed.